UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TINA OXFORD,

    Plaintiff,

v.                                                    Case No: 8:23-cv-127-CEH-AAS

WALMART STORES EAST, LP. and
JANE DOE,

    Defendants.

_____

**ORDER**

This matter comes before the Court on Plaintiff Tina Oxford's Motion to Remand (Doc. 9). Plaintiff contends that this case should be remanded to state court for lack of jurisdiction. Specifically, Plaintiff argues diversity of citizenship is lacking and that all Defendants have not consented to removal. Plaintiff argues that she has sued a non-diverse store employee who is unknown to her, but known to Defendant Walmart Stores East, LP. She further claims that Wal-Mart has failed to meet its burden of proving that subject-matter jurisdiction is proper in this Court, and that removal generally requires unanimity among Defendants. Defendant Wal-Mart filed a response in opposition, arguing the amount in controversy has been met and that the Court may not consider the citizenship of fictitious defendants for purposes of its jurisdictional analysis. Doc. 10. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion to Remand.

## BACKGROUND

This case arises out of an incident that occurred on April 5, 2021. Doc. 1-1 ¶¶ 6–8. On that date, Plaintiff was a business invitee at Defendant's store located in Avon Park, Florida, when she was allegedly struck in the back by an employee pushing a shopping cart. *Id.* On May 31, 2022, Plaintiff filed a two-count negligence complaint against Walmart Stores East, LP, and its unknown employee in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida. Doc. 1-1. In her Complaint, Plaintiff alleges her damages exceed $30,000. *Id.* ¶ 1. Defendant timely removed the action to this Court on January 18, 2023, based on diversity of citizenship. Doc. 1. Plaintiff now moves to remand. Doc. 9.

## LEGAL STANDARD

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, as long as the district court has jurisdiction. 28 U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)); *see Univ. of S. Ala.*, 168 F.3d at 411–412 ("The burden of establishing subject matter jurisdiction falls on the party invoking removal."). Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000,

exclusive of interest and costs. *Id.* § 1332(a)(1). Each defendant must be diverse from each plaintiff for diversity jurisdiction to exist under 28 U.S.C. § 1332. *Univ. of S. Ala.*, 168 F.3d at 412. When evaluating the existence of diversity jurisdiction for a removed action, a court must look to whether diversity jurisdiction existed at the time of removal. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016).

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). On the other hand, "[i]f the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* The removing defendant must present documents that "contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n.63 (11th Cir. 2007), *cert. denied*, 553 U.S. 1080 (2008). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319–20.

## DISCUSSION

A. **Amount in Controversy**

The Complaint alleges damages in excess of $30,000. Because a specific amount is not pleaded, the Court may look to the Notice of Removal to determine if the jurisdictional amount has been met. In the Notice of Removal, Defendant indicates that based on Plaintiff's claimed pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of previously existing condition and proposal for settlement the amount in controversy exceeds $75,000. Doc. 1 ¶¶ 17–23. Plaintiff concedes that the amount in controversy exceeds $75,000. (Doc. 9 at 3). Thus, the amount in controversy is not at issue.

B. **Diversity of Citizenship**

Plaintiff sues Defendant and Jane Doe, its unknown employee. Generally, "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). And in the context of removal, the Federal Rules dictate that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b). In her motion to remand, Plaintiff argues that remand is appropriate because Defendant knows the employee's identity, and that employee has not consented to removal.

Plaintiff's argument is unavailing. Plaintiff is a Florida citizen. Doc. 1 ¶¶ 13–14. The citizenship of Defendant Walmart Stores East, LP is based on the citizenship of each of its partners. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) (holding that a limited liability company is deemed a citizen of any state of which a partner is a citizen). According to Defendant's Notice of Removal, Walmart Stores East, LP, is a Delaware limited partnership, of which WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner. Doc. 1 ¶ 15. The sole member of WSE Management, LLC and WSE Investment, LLC, is Wal-Mart Stores East, LLC, an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc. *Id*. Defendant states that the principal place of business for all the entities mentioned is Bentonville, Arkansas. *Id.* Thus, Defendant is not a citizen of Florida and is diverse from Plaintiff.

The Court may not consider the Defendant sued under a fictitious name for purposes of determining diversity. *See* 28 U.S.C. § 1441(b). Defendant is also correct that consent is not required of a fictitious defendant who has not been served. *Laposa v. Walmart Stores E. LP,* No. 2:20-CV-182-FTM-29NPM, 2020 WL 2301446, at *2 (M.D. Fla. May 8, 2020) ("This case was removed solely under § 1441(a), and John Doe is a fictitious-name defendant who had not been served. Therefore, Wal-Mart was not required to obtain John Doe's consent."). And here, Plaintiff has not moved to amend the complaint to specifically name the Wal-Mart employee. *See, e.g.*, *McAreavey v. SFM, LLC,* No. 8:23-CV-48-CEH-SPF, 2023 WL 4296304 (M.D. Fla. June 30, 2023)

(allowing Plaintiff to amend the complaint to name the store manager and denying motion for remand). Thus, the Court finds that the parties are diverse, the requisite amount in controversy has been met, and Plaintiff's motion is due to be denied. Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Remand (Doc. 9) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on July 11, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties